MELINDA HAAG (CSBN 132612)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7155
FAX: (415) 436-6927
neill.tseng@usdoj.gov

Attorneys for Defendant
U.S. CUSTOMS AND BORDER PROTECTION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDWARD HASBROUCK, | No. C 10-03793 RS |
| Plaintiffs, | |
| v. | **DEFENDANT'S ANSWER TO COMPLAINT** |
| U.S. CUSTOMS AND BORDER PROTECTION | |
| Defendant. | |

Defendant U.S. CUSTOMS AND BORDER PROTECTION hereby answers the complaint filed by plaintiff EDWARD HASBROUCK as follows:

    1.    The allegations in paragraph 1 constitute plaintiff's characterization of this action to which no answer is required.  To the extent an answer may be required, defendant admits that paragraph 1 reflects plaintiff's characterization of this action, and defendant denies all other allegations in paragraph 1.

    2.    The allegations in paragraph 2 state legal conclusions regarding this court's venue to which no answer is required.

    3.    Defendant admits the allegations in paragraph 3.

    4.    The allegations in paragraph 4 constitute plaintiff's characterization of this action to

which no answer is required.  To the extent an answer may be required, defendant denies the allegations.

5.     The allegations in paragraph 5 constitute plaintiff's characterization of this action to which no answer is required.  To the extent an answer may be required, defendant denies the allegations, except defendant admits that it received an unsigned and undated letter in 2007 titled Privacy Request in which plaintiff requested all records about himself in the Automated Targeting System ("ATS").  Defendant denies that plaintiff represented himself as a member of the "news media" or "consultant to the Identity Project."  Defendant further denies plaintiff's characterization that the Automated Targeting System was not in compliance with the Privacy Act.

6.     Defendant denies the allegations in paragraph 6.

7.     The allegations in Paragraph 7 constitute plaintiff's characterization of this action to which no answer is required.  To the extent an answer may be required, defendant denies the allegations.

8.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 8 and on that basis denies the allegations.

9.     The allegations in Paragraph 9 constitute plaintiff's characterization of the defendant's mission to which no answer is required.  To the extent an answer may be required, defendant denies the allegations.

10.    Defendant admits the allegations in paragraph 10.

11.    Defendant does not have sufficient information to admit or deny the allegations in paragraph 11 and on that basis denies the allegations.

12.    Defendant does not have sufficient information to admit or deny the allegations in paragraph 12 and on that basis denies the allegations.

13.    Defendant does not have sufficient information to admit or deny the allegations in paragraph 13 and on that basis denies the allegations.

14.    The allegations in paragraph 14 constitute plaintiff's characterization of this action to which no answer is required.  To the extent an answer may be required, defendant denies the allegations.

15.     In answer to paragraph 15, defendant admits that it received an undated and unsigned letter in 2007 from plaintiff titled Privacy Act Request, and that plaintiff's Exhibit A is a true and correct copy of that letter.  Defendant denies that a signed declaration accompanied that letter.  Defendant denies all other allegations in paragraph 15 and states that the letter speaks for itself.

16.     In answer to paragraph 16, defendant admits that plaintiff's Exhibit B is a true and correct copy of the letter that defendant sent to plaintiff.  Defendant denies the remaining allegations in paragraph 16.

17.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 17 and on that basis denies the allegations.  The office identified in paragraph 17 has no record of having received plaintiff's letter dated September 13, 2007.

18.     In answer to paragraph 18, defendant admits that plaintiff's Exhibit E is a true and correct copy of the letter defendant received.  Defendant does not have sufficient information to admit or deny the remaining allegations in paragraph 18 and on that basis denies the allegations.

19.     In answer to paragraph 19, defendant admits that plaintiff's Exhibit F is a true and correct copy of the letter defendant received.  Defendant does not have sufficient information to admit or deny the remaining allegations in paragraph 19 and on that basis denies the allegations.

20.     In answer to paragraph 20, defendant admits that plaintiff's Exhibit G is a true and correct copy of the letter defendant received.  Defendant does not have sufficient information to admit or deny the remaining allegations in paragraph 20 and on that basis denies the allegations.

21.     In answer to paragraph 21, defendant admits that it received a letter titled "FOIA/PRIVACY ACT REQUEST" dated October 15, 2009.  Defendant does not have sufficient information to admit or deny the remaining allegations in paragraph 21 and on that basis denies the allegations.

22.     In answer to paragraph 22, defendant admits that plaintiff's Exhibit H is a true and correct copy of the letter that defendant received.  Defendant does not have sufficient information to admit or deny the remaining allegations in paragraph 22 and on that basis denies the allegations.

23.     In answer to paragraph 23, defendant admits that plaintiff's Exhibit I is a true and

correct copy of the letter that defendant received. Defendant denies the remaining allegations in paragraph 23.

24.     In answer to paragraph 24, defendant admits that it issued a letter with file number H089016. Defendant denies the remaining allegations in paragraph 24 and states that the document speaks for itself.

25.     In answer to paragraph 25, defendant admits that plaintiff's Exhibit J is a true and correct copy of the letter defendant issued. Defendant denies the remaining allegations in paragraph 25 and states that the document speaks for itself.

26.     In answer to paragraph 26, defendant admits that it received a letter titled "FOIA/PRIVACY ACT REQUEST" dated October 15, 2009 and that plaintiff's Exhibit K is a true and correct copy of the letter that defendant received. Defendant denies the remaining allegations in paragraph 26.

27.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 27 and on that basis denies the allegations.

28.     In answer to paragraph 28, defendant admits that it received a letter dated December 10, 2009 titled "FOIA APPEAL (Appeal of constructive denial)." Defendant admits that plaintiff's Exhibit L is a true and correct copy of the letter that defendant received. Defendant denies the remaining allegations in paragraph 28.

29.     Defendant denies the allegations in paragraph 29.

30.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 30 and on that basis denies the allegations.

31.     Defendant denies the allegations in paragraph 31

32.     The remainder of plaintiff's complaint constitutes plaintiff's prayer for relief to which no answer is required. To the extent an answer may be required, defendant denies that plaintiff is entitled to the relief prayed for in this action or to any relief whatsoever.

33.     Defendant denies any and all allegations not expressly admitted in this answer.

In further answer to the complaint and as separate affirmative defenses, defendant alleges as follows:

1        **FIRST AFFIRMATIVE DEFENSE**

2   The court lacks subject matter jurisdiction over the complaint.

3        **SECOND AFFIRMATIVE DEFENSE**

4   The complaint fails to state a claim upon which relief can be granted.

5        **THIRD AFFIRMATIVE DEFENSE**

6   Plaintiff has failed to exhaust administrative remedies.

7        **FOURTH AFFIRMATIVE DEFENSE**

8   Plaintiff was provided all documents that he is entitled to by law.

9        **FIFTH AFFIRMATIVE DEFENSE**

10   Plaintiff has not alleged sufficient factual and/or legal bases for his request for costs and/or

11 attorney's fees.

12        **SIXTH AFFIRMATIVE DEFENSE**

13   The Freedom of Information Act does not authorize the injunctive relief requested.

14   Wherefore, defendant requests the following:

15   1.  That plaintiff's complaint be dismissed with prejudice with costs of suit awarded to

16 defendant;

17   2.  That plaintiff take nothing in this action; and

18   3.  That this court grant such other and further relief as it may deem appropriate.

19

20 Dated: October 12, 2010      Respectfully submitted,

21             MELINDA HAAG
              United States Attorney

22

23              /s/
             NEILL T. TSENG

24             Assistant United States Attorney

25

26

27

28